2020R00782/AM

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William J. Martini |
| v. | : | Crim. No. 20-793 |
| JAE H. CHOI | : | 18 U.S.C. § 1344  18 U.S.C. § 1014 |
| | : | 18 U.S.C. § 1028A(a)(1) |
| | : | 18 U.S.C. § 1057 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### Counts One Through Four
### (Bank Fraud)

### Relevant Individuals and Entities

1. At all times relevant to this Indictment:

    a. Defendant JAE H. CHOI was a resident of Cliffside Park, New Jersey. CHOI was associated with several corporate entities that he used to apply for government loans, including the following:

        i. Smart Learning Inc. ("Smart Learning") was a Delaware corporation that purported to provide educational services.

        ii. The Homeschool Buyers Club Inc. ("Homeschool Buyers Club") was a California corporation that purported to provide curriculums for homeschooling.

        iii. Educloud Inc. ("Educloud") was a New Jersey corporation that purported to provide educational services.

      iv.    Cybersource Inc. ("Cybersource") was a New Jersey corporation that purported to provide educational-support services.

    b.    Individual 1 was CHOI's spouse and a resident of Cliffside Park, New Jersey.

    c.    Victim 1 was a resident of New York, New York.

    d.    Lender 1 was a financial institution, as defined by Title 18, United States Code, Section 20, with accounts insured by the Federal Deposit Insurance Corporation ("FDIC"), and headquartered in Saint Petersburg, Florida.

    e.    Lender 2 was a financial institution, as defined by Title 18, United States Code, Section 20, with accounts insured by the FDIC, and headquartered in Los Angeles, California.

    f.    Lender 3 was a financial institution, as defined by Title 18, United States Code, Section 20, with accounts insured by the FDIC, and headquartered in Logan, Utah.

    g.    Lender 4 was a financial institution, as defined by Title 18, United States Code, Section 20, with accounts insured by the FDIC, and headquartered in Phoenixville, Pennsylvania.

### Overview of the Scheme to Defraud

2.    CHOI used a variety of false statements to fraudulently obtain more than approximately $8,970,000 in federal COVID-19 emergency-relief funds meant for distressed small businesses. CHOI submitted applications with supporting documents that fabricated the existence of employees, falsified bank records and tax forms, and altered a driver's license, among other false

statements. He then used the proceeds for a number of personal expenses, including spending approximately $1 million to purchase and renovate a home in Cresskill, New Jersey (the "Cresskill Residence") and to deposit approximately $3 million into an investment account held in his spouse's name that was used to invest in the stock market.

### Payroll Protection Program

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

4. In order to obtain a PPP loan, a qualifying business must submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application requires the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) must state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures are used to calculate the amount of money

the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan must include documentation showing their payroll expenses and other information as part of the application.

5.  A PPP loan application must be processed by a participating lender. If a PPP loan application is approved, the participating lender funds the PPP loan using its own monies, which are 100% guaranteed by Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA in the course of processing the loan.

6.  PPP loan proceeds must be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expense items within a designated period of time after receiving the proceeds and uses a certain amount of the PPP loan proceeds on payroll expenses.

### The Scheme to Defraud

7.  From at least in or around April 2020 through in or around August 2020, in Bergen County, in the District of New Jersey and elsewhere, the defendant,

**JAE H. CHOI,**

did knowingly and intentionally execute and attempt to execute a scheme and artifice to obtain moneys, funds, and credits owned by and under the custody and control of financial institutions, to wit: Lender 1, Lender 2, Lender 3, and

4

Lender 4, the deposits of which were insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises, as set forth more fully below.

### The Goal of the Scheme to Defraud

8. The goal of the scheme was for CHOI to enrich himself by fraudulently obtaining millions of dollars in PPP loans from various lenders by executing the scheme described herein.

### Manner and Means of the Scheme to Defraud

9. It was part of the scheme to defraud that:

   a. On or about April 3, 2020, CHOI submitted an application with supporting documentation to Lender 1 on behalf of Smart Learning seeking a PPP loan for approximately $3,077,300. The application and supporting documentation contained materially false and fraudulent information, including falsified Internal Revenue Service ("IRS") tax documents, falsified checking-account records, and a falsified payroll report that included the names and addresses of Victim 1 and other individuals who were not in fact Smart Learning employees.

   b. On or about April 20, 2020, CHOI emailed a Lender 1 employee and falsely claimed that he just told 150 of his Smart Learning employees that they were losing their jobs because the PPP loan had not yet come through, and that he had "watched grown men and women crying." CHOI also stated that he "sincerely hope[d]" that the Lender 1 employee "would never find [himself] in this kind of situation."

5

c. On or about April 10, 2020, CHOI submitted an application with supporting documentation to Lender 2 on behalf of Homeschool Buyers Club seeking a PPP loan for approximately $2,990,957.50. The application and supporting documentation contained materially false and fraudulent information, including falsified IRS tax documents for hundreds of non-existent employees and contractors and for Homeschool Buyers Club.

d. On or about April 23, 2020, CHOI submitted an application with supporting documentation to Lender 3 on behalf of Educloud seeking a PPP loan for approximately $2,903,200. The application and supporting documentation contained materially false and fraudulent information, including falsified IRS tax documents and a falsified copy of CHOI's New Jersey driver's license.

e. On or about April 24, 2020, CHOI submitted an application with supporting documentation to Lender 4 on behalf of Cybersource seeking a PPP loan for approximately $3,000,729.54. The application and supporting documentation contained materially false and fraudulent information, including a falsified payroll summary report and falsified IRS tax documents.

f. CHOI's fraudulent loan applications induced Lender 1, Lender 2, and Lender 3 to each disburse to a CHOI-controlled entity approximately $3 million in PPP funds—approximately $9 million in total. Lender 4 did not disburse funds as a result of CHOI's fraudulent application.

10. Upon receiving the PPP proceeds from Lender 1, Lender 2, and Lender 3, CHOI used the proceeds for numerous personal expenses, including

spending approximately $1 million to purchase and renovate the Cresskill Residence and to deposit approximately $3 million into the personal investment account of Individual 1 that was used to invest in the stock market.

### Execution of the Scheme

11. On or about the dates listed below, in the District of New Jersey and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to obtain moneys, funds, and credits owned by and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises, CHOI submitted fraudulent applications and false supporting documentation for PPP funds to financial institutions, each execution constituting a separate count of this Indictment:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | April 3, 2020 | CHOI submitted a fraudulent application with false supporting documentation to Lender 1 on behalf of Smart Learning for approximately $3,077,300 in PPP funds. |
| 2 | April 10, 2020 | CHOI submitted a fraudulent application with false supporting documentation to Lender 2 on behalf of Homeschool Buyers Club for approximately $2,990,957.50 in PPP funds. |
| 3 | April 23, 2020 | CHOI submitted a fraudulent application with false supporting documentation to Lender 3 on behalf of Educloud for approximately $2,903,200 in PPP funds. |

| 4 | April 24, 2020 | CHOI submitted a fraudulent application with false supporting documentation to Lender 4 on behalf of Cybersource for approximately $3,000,729.54 in PPP funds. |

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

## Counts Five through Eight
## (False Statement on a Loan Application)

1. The allegations set forth in Paragraphs 1-6 and 8-10 of Counts One through Four are hereby repeated, realleged, and incorporated as if fully set forth herein.

2. On or about the dates set forth below, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

## JAE H. CHOI,

knowingly made and caused to be made a false statement and report for the purpose of influencing the actions of Lender 1, Lender 2, Lender 3, and Lender 4, the deposits of which are insured by the Federal Deposit Insurance Corporation, in connection with an application and loan, in that the defendant submitted false payroll records and tax forms in the following PPP applications:

| Count | Approximate Date | Description |
|---|---|---|
| 5 | April 3, 2020 | CHOI submitted a fraudulent application with false supporting documentation to Lender 1 on behalf of Smart Learning for approximately $3,077,300 in PPP funds. |
| 6 | April 10, 2020 | CHOI submitted a fraudulent application with false supporting documentation to Lender 2 on behalf of Homeschool Buyers Club for approximately $2,990,957.50 in PPP funds. |
| 7 | April 23, 2020 | CHOI submitted a fraudulent application with false supporting documentation to Lender 3 on |

|   |   |   |
|---|---|---|
|   |   | behalf of Educloud for approximately $2,903,200 in PPP funds. |
| 8 | April 24, 2020 | CHOI submitted a fraudulent application with false supporting documentation to Lender 4 on behalf of Cybersource for approximately $3,000,729.54 in PPP funds. |

In violation of Title 18, United States Code, Sections 1014 and 2.

## Count Nine
## (Aggravated Identity Theft)

1. The allegations set forth in Paragraphs 1-6 and 8-10 of Counts One through Four are hereby repeated, realleged, and incorporated as if fully set forth herein.

2. On or about April 3, 2020, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

**JAE H. CHOI,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely the name and address of Victim 1, during and in relation to a felony violation of a provision contained in Chapter 63 of the United States Code, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## Count Ten
## (Money Laundering)

1. The allegations set forth in Paragraphs 1-6 and 8-10 of Counts One through Four are hereby repeated, realleged, and incorporated as if fully set forth herein.

2. On or about May 4, 2020, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

**JAE H. CHOI,**

did knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, CHOI transferred approximately $291,000 of PPP proceeds to a title company for purchase of the Cresskill Residence, such proceeds having been derived from a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344.

In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH EIGHT

1. As a result of committing the offenses charged in Counts One through Eight of this Indictment, defendant JAE H. CHOI shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses charged in Counts One through Eight of this Indictment, including, but not limited to, the following properties:

   a. Property located at 125 13th Street, Cresskill, New Jersey 07626;

   b. The contents of an account at JP Morgan Chase ending in 9483 in the name of Jae Choi Attorney Trust Account;

   c. The contents of an account at Bank of America ending in 4685 in the name of Smart Learning, Inc.;

   d. The contents of an account at JP Morgan Chase ending in 0711 in the name of Individual 1;

   e. The contents of an account at TD Bank ending in 2483 in the name of Individual 1;

   f. The contents of an account at TD Bank ending in 1237 in the name of Individual 1;

   g. The contents of an account at Bank of America ending in 6030 in the name of Individual 1;

   h. The contents of an account at Bank of America ending in 6043 in the name of Individual 1;

   i. The contents of an account at JP Morgan Chase ending in 9900 in the name of Hudson Asset Holding Corp;

   j. The contents of an account at JP Morgan Chase ending in 4413 in the name of Hudson Asset Holding Corp;

   k. The contents of an account at JP Morgan Chase ending in 0353 in the name of Virtua Education, Inc.;

Case 2:20-cr-00793-WJM   Document 9   Filed 09/15/20   Page 14 of 16 PageID: 34

   l. The contents of an account at JP Morgan Chase ending in ▮▮▮▮4827 in the name of Virtua Education, Inc.; and

   m. The contents of an account at TD Ameritrade ending in ▮▮▮▮2857 in the name of Individual 1.

## FORFEITURE ALLEGATION AS TO COUNT TEN

2. As a result of committing the money-laundering offense charged in Count Ten of this Indictment, defendant JAE H. CHOI shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in such money laundering offense, and all property traceable to such property.

## Substitute-Asset Provision
## (Applicable to All Forfeiture Allegations)

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described above.

A TRUE BILL

_____
FOREPERSON

_____
CRAIG CARPENITO
United States Attorney

BRIAN KIDD
Unit Chief
Fraud Section, Criminal Division
United States Department of Justice

15

CASE NUMBER: 20-___793___(WJM)___

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

v.

## JAE H. CHOI

## INDICTMENT FOR

18 U.S.C. § 1344
18 U.S.C. § 1014
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1957

A True Bill,



**Foreperson**

**CRAIG CARPENITO**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

ANDREW MACURDY
*ASSISTANT U.S. ATTORNEY*
*(973) 297-2020*
ANDREW TYLER
*TRIAL ATTORNEY*

**USA-48AD 8**
**(Ed. 1/97)**